IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., and LPL LICENSING, L.L.C., <br><br>                          Plaintiffs, <br><br> v. <br><br> CHASE MANHATTAN MORTGAGE CORPORATION, et al., <br><br>                          Defendants. | Civil Action No.  2:07-CV-00387 <br><br> **DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS UNITED SERVICES AUTOMOBILE ASSOCIATION, USAA FEDERAL SAVINGS BANK AND USAA SAVINGS BANK TO FIRST AMENDED COMPLAINT

Defendants United Services Automobile Association ("USAA"), USAA Federal Savings Bank and USAA Savings Bank (collectively, "the USAA parties") respectfully submit their Answer, Additional Defenses and Counterclaims to the First Amended Complaint for Patent Infringement filed by LPL Licensing, Inc. ("LPL") and Phoenix Licensing, Inc. ("Phoenix") (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1.    The USAA parties admit that on its face United States Patent No. 5,987,434 (the "'434 patent") is entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products."  The USAA parties admit that on its face United States Patent No. 6,076,072 (the "'072 patent") is entitled "Method and Apparatus for Preparing Client Communications Involving Financial Products and Services."  The USAA parties admit that on its face United States Patent No. 6,999,938 (the "'938 patent") is entitled "Automated Reply Generation Direct Marketing System" (collectively, the "patents-in-suit").  To the extent the allegations of Paragraph 1 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 1 of the First Amended Complaint.  The

1

USAA parties lack sufficient information to admit or deny the remaining allegations of Paragraph 1, and on that basis deny each and every remaining allegation of Paragraph 1 of the First Amended Complaint.

## JURISDICTION AND VENUE

2.      The USAA parties admit that this action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*  The USAA parties further admit that this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1338(a).

3.      The USAA parties admit that venue is proper in this district, but deny that this district is convenient to the parties and witnesses or in the interest of justice under 28 U.S.C. § 1404.  To the extent the allegations of Paragraph 3 are directed toward the activities of the USAA parties, except as expressly admitted, the USAA parties deny each and every allegation of Paragraph 3 of the First Amended Complaint.  To the extent that the allegations of Paragraph 3 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 3 and on that basis, except as expressly admitted, denies each and every allegation of Paragraph 3 of the First Amended Complaint.

## PLAINTIFFS PHOENIX AND LPL

4.       The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 4 and on that basis deny each and every allegation of Paragraph 4 of the First Amended Complaint.

5.      The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 5 and on that basis deny each and every allegation of Paragraph 5 of the First Amended Complaint.

## DEFENDANTS

**Chase**

6.      The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 6 and on that basis deny each and every allegation of Paragraph 6 of the First Amended Complaint.

7.      The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 7 and on that basis deny each and every allegation of Paragraph 7 of the First Amended Complaint.

**Citibank**

8.      The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 8 and on that basis deny each and every allegation of Paragraph 8 of the First Amended Complaint.

9.      The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 9 and on that basis deny each and every allegation of Paragraph 9 of the First Amended Complaint.

10.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 10 and on that basis deny each and every allegation of Paragraph 10 of the First Amended Complaint.

11.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 11 and on that basis deny each and every allegation of Paragraph 11 of the First Amended Complaint.

12.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 12 and on that basis deny each and every allegation of Paragraph 12 of the First Amended Complaint.

13.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 13 and on that basis deny each and every allegation of Paragraph 13 of the First Amended Complaint.

14.     The USAA parties admit that on October 17, 2007, Citicorp Credit Services, Inc. ("Citicorp") filed a Complaint for Declaratory Judgment (Citicorp Complaint) which alleges that the three patents-in-suit are invalid and that Citicorp does not infringe any valid claims of the patents-in-suit.  The USAA parties further admit that the Citicorp Complaint on its face states in paragraphs 10-11:

> "On August 31, 2007, Defendants filed Case No. 2-07cv-387 in the United States District Court for the Eastern District of Texas, Marshall Division, accusing 22 companies in the financial products and services industry, including certain affiliates of CCSI, of patent infringement with respect to the patents-in-suit.  In light of those allegations, CCSI believes that a controversy also exists between it and Defendants over whether CCSI's business practices have infringed, and are continuing to infringe, the patents-in-suit and whether the patents-in-suit are valid. This controversy is continuing and ongoing, and is ripe for resolution by the Court."

The USAA parties lack sufficient information to admit or deny the remaining allegations of Paragraph 14 and on that basis deny each and every remaining allegation of Paragraph 14 of the First Amended Complaint.

**<u>Countrywide</u>**

15.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 15 and on that basis deny each and every allegation of Paragraph 15 of the First Amended Complaint.

16.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 16 and on that basis deny each and every allegation of Paragraph 16 of the First Amended Complaint.

**Discover**

17.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 17 and on that basis deny each and every allegation of Paragraph 17 of the First Amended Complaint.

18.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 18 and on that basis deny each and every allegation of Paragraph 18 of the First Amended Complaint.

19.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 19 and on that basis deny each and every allegation of Paragraph 19 of the First Amended Complaint.

20.     The USAA parties admit that Discover Products, Inc. filed a Complaint for declaratory judgment on October 11, 2007.  The USAA parties lack sufficient information to admit or deny the remaining allegations of Paragraph 20 and on that basis deny each and every remaining allegation of Paragraph 20 of the Complaint.

**GMAC**

21.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 21 and on that basis deny each and every allegation of Paragraph 21 of the First Amended Complaint.

22.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 22 and on that basis deny each and every allegation of Paragraph 22 of the First Amended Complaint.

23.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 23 and on that basis deny each and every allegation of Paragraph 23 of the First Amended Complaint.

**Liberty Life**

24.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 24 and on that basis deny each and every allegation of Paragraph 24 of the First Amended Complaint.

**Response Worldwide**

25.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 25 and on that basis deny each and every allegation of Paragraph 25 of the First Amended Complaint.

26.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 26 and on that basis deny each and every allegation of Paragraph 26 of the First Amended Complaint.

27.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 27 and on that basis deny each and every allegation of Paragraph 27 of the First Amended Complaint.

**State Farm**

28.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 28 and on that basis deny each and every allegation of Paragraph 28 of the First Amended Complaint.

29.     The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 29 and on that basis deny each and every allegation of Paragraph 29 of the First Amended Complaint.

**USAA Bank**

30.     The USAA parties admit that Defendant USAA Federal Savings Bank is a federal savings bank having its principal place of business in San Antonio, Texas.

31.     The USAA parties admit that Defendant USAA Savings Bank is a Nevada corporation having its principal place of business in Las Vegas, Nevada.

32.     The USAA parties admit that Defendant USAA is a reciprocal interinsurance exchange organized and existing under the laws of Texas with its principal place of business in San Antonio, Texas.  The USAA parties admit that USAA filed a Complaint for Declaratory Judgment, alleging that the three patents-in-suit are invalid and that USAA does not infringe any valid claims of the patents-in-suit.   The USAA parties deny that USAA filed a Complaint for Declaratory Judgment on October 17, 2007.  The USAA parties lack sufficient information to admit or deny the remaining allegations of Paragraph 32 and on that basis deny each and every remaining allegation of Paragraph 32 of the First Amended Complaint.

## FIRST CLAIM FOR PATENT INFRINGEMENT (INFRINGEMENT OF THE '434 PATENT)

33.     The USAA parties incorporate by reference their answer set forth in paragraphs 1 through 32.  The USAA parties further deny any implications or allegations purportedly contained in the heading immediately preceding Paragraph 33 of the First Amended Complaint.

34.     The USAA parties admit that Exhibit A to the First Amended Complaint is a document that on its face purports to be the '434 patent.  The USAA parties admit that the face of the '434 patent lists November 16, 1999 as the Date of Patent.  The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 34 of the First Amended Complaint that "Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '434 patent, including all rights to pursue and collect damages for past infringements of the patent," and on that basis denies those allegations.

35.     To the extent the allegations of Paragraph 35 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 35 of the First Amended Complaint.  To the extent that the allegations of Paragraph 35 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 35 and on that basis deny each and every allegation of Paragraph 35 of the First Amended Complaint.

36.     To the extent the allegations of Paragraph 36 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 36 of the First Amended Complaint.  To the extent that the allegations of Paragraph 36 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 36 and on that basis deny each and every allegation of Paragraph 36 of the First Amended Complaint.

37.     To the extent the allegations of Paragraph 37 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 37 of the First Amended Complaint.  To the extent that the allegations of Paragraph 37 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 37 and on that basis deny each and every allegation of Paragraph 37 of the First Amended Complaint.

38.     To the extent the allegations of Paragraph 38 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 38 of the First Amended Complaint.  To the extent that the allegations of Paragraph 38 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 38 and on that basis deny each and every allegation of Paragraph 38 of the First Amended Complaint.

## SECOND CLAIM FOR PATENT INFRINGEMENT (INFRINGEMENT OF THE '072 PATENT)

39.     The USAA parties incorporate by reference their answer set forth in paragraphs 1 through 32.  The USAA parties further deny any implications or allegations purportedly contained in the heading immediately preceding Paragraph 39 of the First Amended Complaint.

40.     USAA, who is the only entity among the USAA parties against whom this claim for patent infringement is made, admits that Exhibit B to the First Amended Complaint is a document that on its face purports to be the '072 patent.  USAA admits that the face of the '072 patent lists June 13, 2000 as the Date of Patent.  USAA lacks sufficient information to admit or

sd-397897

deny the allegations of Paragraph 36 of the First Amended Complaint that "Through assignment, Plaintiff Phoenix [sic] the owner of all right, title, and interest in the '072 patent, including all rights to pursue and collect damages for past infringements of the patent," and on that basis denies those allegations.

41.     To the extent the allegations of Paragraph 41 are directed toward the activities of USAA, USAA denies each and every allegation of Paragraph 41 of the First Amended Complaint.  To the extent that the allegations of Paragraph 41 are directed toward the activities of parties other than the USAA parties, USAA lacks sufficient information to admit or deny these allegations of Paragraph 41 and on that basis denies each and every allegation of Paragraph 41 of the First Amended Complaint.

42.     To the extent the allegations of Paragraph 42 are directed toward the activities of USAA, USAA denies each and every allegation of Paragraph 42 of the First Amended Complaint.  To the extent that the allegations of Paragraph 42 are directed toward the activities of parties other than the USAA parties, USAA lacks sufficient information to admit or deny these allegations of Paragraph 42 and on that basis denies each and every allegation of Paragraph 42 of the First Amended Complaint.

43.     To the extent the allegations of Paragraph 43 are directed toward the activities of USAA, USAA denies each and every allegation of Paragraph 43 of the First Amended Complaint.  To the extent that the allegations of Paragraph 43 are directed toward the activities of parties other than the USAA parties, USAA lacks sufficient information to admit or deny these allegations of Paragraph 43 and on that basis denies each and every allegation of Paragraph 43 of the First Amended Complaint.

44.     To the extent the allegations of Paragraph 44 are directed toward the activities of USAA, USAA denies each and every allegation of Paragraph 44 of the First Amended Complaint.  To the extent that the allegations of Paragraph 44 are directed toward the activities of parties other than the USAA parties, USAA lacks sufficient information to admit or deny

sd-397897

these allegations of Paragraph 44 and on that basis denies each and every allegation of Paragraph 44 of the First Amended Complaint.

## THIRD CLAIM FOR PATENT INFRINGEMENT (INFRINGEMENT OF THE '938 PATENT)

45.     The USAA parties incorporate by reference their answer set forth in paragraphs 1 through 32.  The USAA parties further deny any implications or allegations purportedly contained in the heading immediately preceding Paragraph 45 of the First Amended Complaint.

46.     The USAA parties admit that Exhibit C to the First Amended Complaint is a document that on its face purports to be the '938 patent.  The USAA parties admit that the face of the '938 patent lists February 14, 2006 as the Date of Patent.  The USAA parties lack sufficient information to admit or deny the allegations of Paragraph 46 of the First Amended Complaint that "Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '938 patent, including all rights to pursue and collect damages for past infringements of the patent," and on that basis denies those allegations.

47.     To the extent the allegations of Paragraph 47 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 47 of the First Amended Complaint.  To the extent that the allegations of Paragraph 47 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 47 and on that basis deny each and every allegation of Paragraph 47 of the First Amended Complaint.

48.     To the extent the allegations of Paragraph 48 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 48 of the First Amended Complaint.  To the extent that the allegations of Paragraph 48 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 48 and on that basis deny each and every allegation of Paragraph 48 of the First Amended Complaint.

sd-397897

49.     To the extent the allegations of Paragraph 49 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 49 of the First Amended Complaint.  To the extent that the allegations of Paragraph 49 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 49 and on that basis deny each and every allegation of Paragraph 49 of the First Amended Complaint.

50.     To the extent the allegations of Paragraph 50 are directed toward the activities of the USAA parties, the USAA parties deny each and every allegation of Paragraph 50 of the First Amended Complaint.  To the extent that the allegations of Paragraph 50 are directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny these allegations of Paragraph 50 and on that basis deny each and every allegation of Paragraph 50 of the First Amended Complaint.

51.     The USAA parties admit that Plaintiffs have demanded a trial by jury.  To the extent that a response to Plaintiffs' prayer for relief is required, and is directed toward the activities of the USAA parties, the USAA parties deny that Plaintiffs are entitled to any relief whatsoever.  To the extent that Plaintiffs' prayer for relief is directed toward the activities of parties other than the USAA parties, the USAA parties lack sufficient information to admit or deny Plaintiffs' entitlement to relief and on that basis, denies that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE the USAA parties deny that Plaintiffs are entitled to any relief sought, and respectfully asks the Court to enter judgment in favor of the USAA parties and against Plaintiffs, and to deem this action an exceptional case under 35 U.S.C. § 285 and award the USAA parties their attorneys' fees, costs, and other such relief as the Court deems just.

## ADDITIONAL DEFENSES

For their further and separate defenses to the allegations of the First Amended Complaint, and without admitting or acknowledging that it bears the burden of proof as to any of them, the USAA parties plead as follows:

## FIRST ADDITIONAL DEFENSE

52.     The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

53.     Plaintiffs are not entitled to any relief against the USAA parties because the USAA parties do not infringe, and have not infringed, directly, indirectly, literally, by equivalents, or in any other way, any valid claim of the '434 patent, the '072 patent, or the '938 patent.

## THIRD ADDITIONAL DEFENSE

54.     The '434 patent, the '072 patent and the '938 patent, and all of their claims, are invalid for failure to comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH ADDITIONAL DEFENSE

55.     The prior art known before the alleged invention covered by the '434 patent, the '072 patent and the '938 patent limits and restricts the scope of the '434 patent, the '072 patent and the '938 patent such that the USAA parties do not infringe, and have not infringed, any claim of the '434 patent, the '072 patent, or the '938 patent.

## FIFTH ADDITIONAL DEFENSE

56.     Plaintiffs are barred by the doctrine of prosecution history estoppel from contending that any claim of the '434 patent, the '072 patent, or the '938 patent covers any product, service or method practiced, manufactured, used, sold, or offered for sale by the USAA parties.

## SIXTH ADDITIONAL DEFENSE

57.     Each of Plaintiffs' claims for relief against the USAA parties is barred in whole or in part by the First Inventor Defense Act, 35 U.S.C. § 273.

### SEVENTH ADDITIONAL DEFENSE

58.　　Plaintiffs have an adequate remedy at law and no basis exists for the grant of equitable relief.

### EIGHTH ADDITIONAL DEFENSE

59.　　Each of Plaintiffs' claims for relief is barred, in whole or in part, by the doctrines of laches, waiver, equitable estoppel, or any other equitable doctrine.  Plaintiffs delayed filing this suit for an unreasonable and inexcusable length of time after they knew or reasonably should have known of their alleged claims against the USAA parties.  This delay operated to the material prejudice of the USAA parties.

### NINTH ADDITIONAL DEFENSE

60.　　Each of Plaintiffs' claims for relief is barred, in whole or in part, by the doctrine of prosecution laches.

### TENTH ADDITIONAL DEFENSE

61.　　Plaintiffs' claims for damages against the USAA parties are barred under 35 U.S.C. § 287(a) for any alleged infringement that occurred before Plaintiffs gave actual notice of the '434 patent, the '072 patent, and the '938 patent to the USAA parties.

### ELEVENTH ADDITIONAL DEFENSE

62.　　To the extent Plaintiffs seek recovery for any alleged infringement committed more than six years prior to the filing of the Complaint, such recovery is barred by 35 U.S.C. § 286.

### TWELFTH ADDITIONAL DEFENSE

63.　　Plaintiffs are precluded from seeking recovery of their costs under the provisions of 35 U.S.C. § 288.

### THIRTEENTH ADDITIONAL DEFENSE

64.　　To the extent Plaintiffs seek recovery for any alleged infringement of claims of the '434 patent that were altered during reexamination, under 35 U.S.C. § 252, such recovery is

barred for acts allegedly occurring prior to the issuance of the '434 patent reexamination certificate.

## FOURTEENTH ADDITIONAL DEFENSE

65.     The USAA parties specifically reserve the right to assert any and all additional defenses that may become available through information developed in discovery, at trial or otherwise.

## COUNTERCLAIMS
### (Declaratory Judgment of Non-Infringement and Invalidity)

Pursuant to Federal Rule of Civil Procedure 13, the USAA parties plead the following counterclaims against LPL and Phoenix:

1.      The USAA parties incorporate the allegations of the Answer as if fully set forth herein.

2.      This is an action arising under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, Title 35, United States Code.

3.      By their counterclaim, the USAA parties seek a declaratory judgment that (1) the USAA parties do not infringe, and have not infringed in any way, any valid claim of the '434 patent, the '072 patent, or the '938 patent; and (2) the '434 patent, the '072 patent, and the '938 patent are invalid.

4.      USAA Federal Savings Bank is a federal savings bank with its principal place of business in San Antonio, Texas.

5.      USAA Savings Bank is a Nevada corporation having its principal place of business in Las Vegas, Nevada.

6.      United Services Automobile Association is a reciprocal interinsurance exchange with its principal place of business in San Antonio, Texas.

7.      On information and belief, LPL is a Delaware limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona, 85255.

8.     On information and belief, Phoenix is an Arizona limited liability company having a principal place of business at 10947 East Lillian Lane, Scottsdale, Arizona, 85255.

9.     This Court has subject matter jurisdiction because these counterclaims arise under federal statutory law, including 35 U.S.C. § 271 *et seq*. and 28 U.S.C. §§ 2201 and 2202. Additionally, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Further, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

10.     LPL and Phoenix have submitted to the personal jurisdiction of this Court by bringing the instant action.

11.     Venue is proper in this judicial district by virtue of LPL and Phoenix having filed their Complaint here.

## COUNTERCLAIM I
### (Declaratory Judgment of Non-Infringement and Invalidity of the '434 Patent)

12.     The USAA parties incorporate the allegations of paragraphs 1-11 of this counterclaim as if fully set forth herein.

13.     Phoenix contends in its First Amended Complaint that "Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '434 patent."

14.     LPL contends in its First Amended Complaint that it is the exclusive licensee of the '434 patent.

15.     LPL and Phoenix have sued the USAA parties in the present action alleging infringement of the '434 patent.  Thus, an immediate, real and justiciable controversy exists between Counterclaim Defendants LPL and Phoenix and the USAA parties regarding the alleged infringement and validity of the '434 patent.

16.     A judicial declaration is necessary and appropriate at this time in order that the USAA parties may ascertain their rights and duties with respect to the '434 patent.

sd-397897

17.     The USAA parties do not infringe, and have not infringed, directly, indirectly, literally, by equivalents, or in any other way, any valid claim of the '434 patent.

18.     The USAA parties cannot be liable for infringement of the '434 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

19.     The USAA parties request a judicial declaration that they have not infringed and are not infringing, in any way, any valid claim of the '434 patent, and that the '434 patent is invalid.

### COUNTERCLAIM II
### (Declaratory Judgment of Non-Infringement and Invalidity of the '072 Patent)

20.     USAA incorporates the allegations of paragraphs 1-11 of this counterclaim as if fully set forth herein.

21.     Phoenix contends in its First Amended Complaint that "Through assignment, Plaintiff Phoenix [is] the owner of all right, title, and interest in the '072 patent."

22.     LPL contends in its First Amended Complaint that it is the exclusive licensee of the '072 patent.

23.     LPL has, since December 17, 2004, alleged that USAA infringes the '072 patent. LPL has also asserted that USAA must remedy this alleged infringement by licensing LPL's entire patent portfolio.  USAA has denied these allegations with respect to all of LPL's patents, including the '072 patent.  USAA has also repeatedly refused LPL's offers to license the '072 patent and other LPL patents.  USAA contends that it does not infringe any valid claim of the '072 patent.  USAA further contends that the '072 patent is invalid.  LPL and Phoenix have also sued USAA in the present action alleging infringement of the '072 patent.

24.     Thus, an immediate, real and justiciable controversy exists between Counterclaim Defendants LPL and Phoenix and USAA regarding the alleged infringement and validity of the '072 patent.

25.     A judicial declaration is necessary and appropriate at this time in order that USAA may ascertain its rights and duties with respect to the '072 patent.

26.     USAA does not infringe, and has not infringed, directly, indirectly, literally, by equivalents, or in any other way, any valid claim of the '072 patent.

27.     USAA cannot be liable for infringement of the '072 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

28.     USAA requests a judicial declaration that it has not infringed and is not infringing, in any way, any valid claim of the '072 patent, and that the '072 patent is invalid.

**COUNTERCLAIM III**
**(Declaratory Judgment of Non-Infringement and Invalidity of the '938 Patent)**

29.     The USAA parties incorporate the allegations of paragraphs 1-11 of this counterclaim as if fully set forth herein.

30.     Phoenix contends in its First Amended Complaint that "Through assignment, Plaintiff Phoenix is the owner of all right, title, and interest in the '938 patent."

31.     LPL contends in its First Amended Complaint that it is the exclusive licensee of the '938 patent.

32.     LPL and Phoenix have sued the USAA parties in the present action alleging infringement of the '938 patent.  Thus, an immediate, real and justiciable controversy exists between Counterclaim Defendants LPL and Phoenix and the USAA parties regarding the alleged infringement and validity of the '938 patent.

33.     A judicial declaration is necessary and appropriate at this time in order that the USAA parties may ascertain their rights and duties with respect to the '938 patent.

34.     The USAA parties do not infringe, and have not infringed, directly, indirectly, literally, by equivalents, or in any other way, any valid claim of the '938 patent.

35.     The USAA parties cannot be liable for infringement of the '938 Patent because the claims are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

sd-397897

36.     The USAA parties request a judicial declaration that they have not infringed and are not infringing, in any way, any valid claim of the '938 patent, and that the '938 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, the USAA parties respectfully request that the Court award the following relief:

A.     Dismiss LPL and Phoenix's First Amended Complaint against the USAA parties with prejudice;

B.     Enter judgment in favor of the USAA parties and against LPL and Phoenix on all claims in LPL and Phoenix's First Amended Complaint;

C.     Deny LPL and Phoenix's requests for damages and injunctive relief and declare that LPL and Phoenix take nothing by their First Amended Complaint;

D.     Declare that the USAA parties have not infringed and are not infringing, in any way, the '434 patent and the '938 patent;

E.     Declare that USAA has not infringed and is not infringing, in any way, the '072 patent;

F.     Declare that some or all of the claims of the '434 patent, the '072 patent, and the '938 patent are invalid;

G.     Declare that this is an exceptional case under 35 U.S.C. § 285 and award to the USAA parties their attorneys' fees and expenses in connection with this action; and

H.     Award the USAA parties such other and further relief as the Court may deem just and proper.

sd-397897

## JURY TRIAL DEMAND

The USAA parties hereby demand a trial by jury on all issues triable by a jury as of right in this action.

Dated: November 13,  2007                    Respectfully submitted,

                                             /s/ Jose L. Patiño
                                             Jose L. Patiño (*Pro Hac Vice*)
                                             CA State Bar No. 149568
                                             MORRISON & FOERSTER LLP
                                             412531 High Bluff Drive, Suite 100
                                             San Diego, California  92130-2040
                                             Telephone: (858) 720-5100
                                             Fax: (858) 720-5125
                                             JPatino@mofo.com

                                             Rachel Krevans (*Pro Hac Vice*)
                                             CA State Bar No. 116421
                                             MORRISON & FOERSTER LLP
                                             425 Market Street
                                             San Francisco, California 94105-2482
                                             Telephone: (415) 268-7000
                                             Fax: (415) 268-7522
                                             RKrevans@mofo.com

                                             Otis W. Carroll
                                             State Bar No. 038957000
                                             IRELAND, CARROLL & KELLEY, P.C.
                                             6101 South Broadway, Suite 500
                                             Tyler, TX 75703
                                             Telephone: (903) 561-1600
                                             Facsimile: (903) 561-1071
                                             otiscarroll@icklaw.com

                                             ATTORNEYS FOR DEFENDANTS UNITED
                                             SERVICES AUTOMOBILE ASSOCIATION,
                                             USAA FEDERAL SAVINGS BANK AND
                                             USAA SAVINGS BANK

sd-397897

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on this day, November 13, 2007.  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing document via electronic mail, facsimile transmission and/or first-class mail on this same date.

By:     <u>/s/ Jose L. Patiño</u>
         Jose L. Patiño

1